UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA RODRIGUEZ,

    Plaintiff,

v.

BLOCK, INC.,

    Defendant.

_____/

Case No. 1:22-cv-372

Hon. Hala Y. Jarbou

**ORDER**

Plaintiff Sylvia Rodriguez brought this action under federal and state law against Defendant Block, Inc. Defendant filed a motion to compel arbitration, stay the proceedings, and/or dismiss the complaint. The magistrate judge entered a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion in part and deny it in part. (R&R., ECF No. 28.) Before the Court are Plaintiff's objections to the R&R (ECF No. 31).

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Objection 1

Plaintiff states that she does not object to the magistrate judge's recommendation to dismiss her claims of retaliation and unclean hands.

Objection 2

Plaintiff objects to the recommendation to dismiss her claims of negligent and intentional infliction of emotional distress. Plaintiff argues that she is "mad" and "upset" about what happened to her. (Pl.'s Objs. 1, ECF No. 31.) She trusted Defendant's software and is upset that she lost a significant amount of money through fraud by a third party and has been unable to proceed with her "chargeback dispute" with Defendant. (*Id.* at 2.)

Plaintiff is understandably upset by the loss of her money. However, she has not stated the necessary elements for claims of negligent or intentional infliction of emotional distress by Defendant. As the magistrate judge explained, those two types of claims are limited to specific circumstances. The former arises when the plaintiff witnesses "negligent injury to an immediate family member and suffer[s] severe mental distress causing actual physical harm.'" (R&R 6 (quoting *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 634 (W.D. Mich. 2015).) The latter arises only when the defendant's conduct is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.'" (R&R 7 (quoting *Howard v. Calhoun Cnty.*, 148 F. Supp. 2d 883, 892 (W.D. Mich. 2001).) The facts alleged in Plaintiff's complaint do not give rise to a claim against Defendant for negligent or intentional infliction of emotional distress. Plaintiff does not allege that she witnessed injury to a family member, and she does not allege conduct by Defendant that is so outrageous in character that it is utterly intolerable in a civil society. Thus, her objection is meritless.

Objection 3

Plaintiff objects to the recommendation to compel arbitration because she contends that she never agreed to arbitrate this sort of dispute. She acknowledges that she accepted Defendant's

terms of service, but she contends that she was not aware of the arbitration clause because she did not read those terms. As the magistrate judge explained, however, the relevant question is whether Plaintiff had notice of the terms of service and agreed to them, not whether she read them. Here, Plaintiff acknowledges that she agreed to those terms. She had an opportunity to read the terms and she agreed to them without reading them. That was her choice. There is no legal requirement that a party actually read a written contract in order to be bound by its terms. Notice of the terms and agreement to be bound are sufficient.

Plaintiff cites *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171 (9th Cir. 2014), contending that it supports her argument that she is not bound by the terms of an arbitration provision that she never read. However, that court held that an individual was not bound by the terms and conditions of a website where those terms were posted on the website and there was "no evidence that the website user had actual knowledge," "actual notice," or "inquiry notice" of those terms. *Id.* at 1176-77. The court noted that the "case might be different" if the plaintiff "was required to affirmatively acknowledge the Terms of Use before completing his online purchase[.]" *Id.* at 1176. That is what happened here. Plaintiff had notice of Defendant's terms and affirmatively acknowledged her assent to them. Consequently, she is bound by them. In other words, her objection is meritless.

Objection 4

Finally, Plaintiff objects to the dismissal of her case, arguing that the Court should deny the motion to dismiss if it denies the motion to compel arbitration. However, the Court agrees with the magistrate judge that arbitration is warranted. Consequently, the Court will dismiss the case.

In summary, the Court agrees with reasoning of the R&R and the disposition recommended by the magistrate judge.  Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 28) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss and compel arbitration (ECF No. 21) is **GRANTED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's state-law claims for unclean hands, retaliation, negligent infliction of emotional distress, and intentional infliction of emotional distress are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that the parties are directed to proceed to arbitration in accordance with the arbitration provisions in Defendant's terms of service.

A judgment of dismissal will enter in accordance with this Order.

Dated: March 20, 2023                         /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE